UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAMERCY PRODUCE, INC., | Case No.: 18cv5868 |
| Plaintiff, | **COMPLAINT (to Enforce Payment From PACA Trust)** |
| -against- | |
| GREEN SUMMIT GROUP LLC a/k/a THE SUMMIT GROUP and TODD A. MILLMAN, | |
| Defendants. | |

Plaintiff, GRAMERCY PRODUCE, INC. ("Gramercy"), for its complaint against defendants, GREEN SUMMIT GROUP LLC a/k/a THE SUMMIT GROUP ("Green Summit") and TODD A. MILLMAN ("Millman"), (collectively "defendants") alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that the plaintiff's principal place of business is located within this District and the substantial events giving rise to the plaintiff's claims arose in this District.

3. The agreement and sales which form the basis of this dispute was entered into within this District and the perishable agricultural commodities sold and delivered to the defendants occurred within this District.

## PARTIES

4. Plaintiff, Gramercy, is a corporation duly organized under the laws of the State of New York. Plaintiff's principal place of business is located at 541 Barretto Street, Bronx, New York 10474.

1

5. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all relevant times, plaintiff was licensed under the provisions of PACA.

6. The defendant, Green Summit, is a New York limited liability company with a principal place of business formed at 16 West 545th Street, 5th Floor, New York, New York 10036.

7. Green Summit, its agents, servants and employees, engaged in the buying and selling of wholesale and jobbing quantities of produce in interstate commerce.

8. The defendant, Green Summit, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually pursuant to 7 C.F.R. 46.2(m)(2) and 46.2(x).

9. The defendant, Millman, is and was an officer, director and/or shareholder of Green Summit during and prior to the period of time in question, controlled the operations of Green Summit and was in a position of control over PACA trust assets.

## GENERAL ALLEGATIONS

10. This action is brought to enforce the trust provisions PACA, 7 U.S.C. §499e©.

11. Between on or about July 17, 2017 and December 1, 2017, plaintiff, Gramercy, sold and delivered to the defendant, Green Summit, wholesale quantities of produce in the aggregate principal amount of $48,351.03. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "A".

12. Plaintiff, Gramercy, delivered the produce to the defendant, Green Summit.

13. Defendant, Green Summit, has failed to pay for the produce when payment was due, despite repeated demands, and presently owes the plaintiff, the principal amount of 48,351.03.

14. At the time of receipt of the produce, the plaintiff, Gramercy, became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the defendants since the creation of the trust.

15. Plaintiff preserved its interest in the PACA trust by including the statutory language to do so on its invoices delivered to the defendant and remains a beneficiary until full payment is made.

16. The defendants' failure, refusal and/or inability to pay the plaintiff indicates that the defendants are failing to maintain PACA assets in the statutory trust freely available to pay the plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST COUNT
## AGAINST DEFENDANTS, GREEN SUMMIT and MILLMAN
## (INJUNCTIVE RELIEF)

17. Plaintiff, Gramercy, incorporates each and every allegation set forth in paragraphs "1" to "16" above as if fully set forth herein.

18. The defendants failure to make payment to plaintiff, Gramercy, of trust funds in the amount of $48,351.03 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

19. Pursuant to PACA and the prevailing cases, plaintiff is entitled to injunctive relief against the defendants enjoining and restraining them and their agents from dissipating trust assets

3

belonging to the plaintiff and requiring them to turn over to the plaintiff any and all PACA trust assets in their possession or in the possession of third-parties.

## AS AND FOR A SECOND COUNT
## AGAINST DEFENDANTS, GREEN SUMMIT AND MILLMAN
## (FAILURE TO PAY)

20. Plaintiff, Gramercy, incorporates each and every allegation set forth in paragraphs "1" to "19" above as if fully set forth herein.

21. Defendants received each of the produce shipments upon which this action is based.

22. The defendants are required to promptly tender to the plaintiff full payment for those shipments pursuant to the PACA.

23. The defendants have failed and refused to pay for the produce supplied by plaintiff within the payment terms agreed to between the parties.

24. As a direct and proximate result of the defendants failure to pay promptly, the plaintiff has incurred damages in the amount of $48,351.03, plus interest, costs and attorneys' fees.

## AS AND FOR A THIRD COUNT
## AGAINST DEFENDANT, MILLMAN
## (UNLAWFUL DISSIPATION OF TRUST ASSETS
## BY A CORPORATE OFFICIAL)

25. Plaintiff, Gramercy, incorporates each and every allegation set forth in paragraphs "1" to "24" above as if fully set forth herein.

26. Defendant, Millman, is an officer, director and/or shareholder who operated defendant, Green Summit, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff.

27. Defendant, Millman, failed to direct Green Summit to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff for the produce it supplied.

4

28. Defendant, Millman's failure to direct Green Summit to maintain PACA trust assets and to pay the plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29. Green Summit is a New York limited liability company.

30. Millman is the founding principal of Green Summit.

31. At all times, Millman was in complete dominion and control over the trust assets of Green Summit.

32. At all times, Millman was an authorized signatory on the operating and checking account of Green Summit at Wells Fargo Bank.

33. At all times, Millman was the only principal at Green Summit who signed checks for the payment of perishable agricultural commodities to vendors, including but not limited to the plaintiff.

34. Millman was the officer, director and shareholder of Green Summit who decided to whom to make payment for perishable agricultural commodities and sold to Green Summit by third parties including but not limited to the plaintiff.

35. As such, Millman is secondarily liable to the plaintiff for the price of the perishable agricultural commodities sold to Green Summit, plus interest, costs and attorney's fees pursuant to the invoices annexed hereto as Exhibit "A".

36. As a result of said unlawful dissipation of trust assets the plaintiff has been derived of its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

37. As a direct and proximate result, the plaintiff has incurred damages in the amount of $48,351.03, plus interest, costs and attorneys' fees.

**WHEREFORE**, plaintiff demand judgment against the defendants, as follows:

A. On the first cause of action against defendants, Green Summit and Millman, in the sum of $48,351.03, plus interest, costs and attorneys' fees;

B. On the second cause of action against defendants, Green Summit and Millman, in the sum of $48,351.03, plus interest, costs and attorneys' fees;

C. On the third cause of action against defendant, Millman, in the sum of $48,351.03, plus interest, costs and attorneys' fees;

D. On the fourth cause of action against defendant, Green Summit, in the sum of $48,351.03, plus interest, costs and attorneys' fees; and

E. Such other and further relief as the court deems just and proper.

Dated this 28th day of June, 2018

          Respectfully submitted,

          KREINCES & ROSENBERG, P.C.

By: _____
          LEONARD KREINCES
          Attorneys for Plaintiff
          900 Merchants Concourse, Suite 305
          Westbury, New York 11590
          (516) 227-6500
          Leonard@kresq.com

Z:\kreinces1\WORK\General\Gramercy Produce, Inc v The Green Summit Group #18-18\Complaint.wpd